UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FELICIA BROCK, et al., | Case No. 1:25-cv-685 |
| Plaintiffs, | |
| vs. | Cole, J.<br>Bowman, M.J. |
| HAMILTON COUNTY JFS CHILDREN SERVICES, et. al. | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On September 17, 2025, Plaintiff proceeding pro se, filed an application seeking to initiate the above-captioned case in forma pauperis, or without payment of a filing fee. On September 26, 2025, Plaintiff was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On the same date, the undersigned filed a Report and Recommendation ("R&R") that this matter be dismissed with prejudice for failure to state a claim for relief. (Doc. 5). Plaintiff filed objections to that R&R, which remain pending before the presiding district judge. (Doc. 7). Thereafter, Defendants filed a motion to dismiss on September 30, 2025.

Plaintiff then filed an Amended Complaint on October 3, 2025. (Doc. 14). Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Therefore, Plaintiff's Amended Complaint was filed as of right. But because the Amended Complaint is now the operative pleading, this Supplemental R&R must be issued in order to properly screen the newly Amended Complaint.

1

Defendants also filed another motion to dismiss, presumably directed at the amended complaint. (Doc. 15).

**I.　Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II. **Plaintiff's Amended Complaint**

Here, Plaintiff asserts that Defendants removed her children from her custody in violation of the Fourteenth Amendment. Plaintiff's complaint claims, *inter alia*, that

Defendants "stated false allegations in court" and allowed interference with child custody. (Doc. 1 at 3). Plaintiff's amended complaint consists of over 1200 pages of documents including, medical records and records related to her custody cases. (Doc. 14). Despite these references Plaintiff did not cite to any such court action. Notably, however, this Court has authority to "take judicial notice of proceedings in other courts of record" on screening of plaintiff's complaint. See *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir.1969)); *Saint Torrance v. Firstar*, 529 F.Supp.2d 836, 838 n. 1 (S.D.Ohio 2007); see also *Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir.2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir.1999)) (involving judicial notice of on-line court records).

A search of on-line court records from Hamilton County, Ohio reveal a prior action filed by Plaintiff against the same defendants in the instant action, seeking to reverse a ruling of the Juvenile Division of the Hamilton County Court of Common Pleas and return her children to her. See *Brock v. Patton*, Case No. A 2303760. Defendants moved to dismiss the action based on lack of subject matter jurisdiction and failure to state a claim for relief upon which relief may be granted. Id. Defendants also asserted they are entitled to qualified immunity. The Court granted Defendants motion and dismissed the action on December 8, 2023. Id. Upon careful consideration, the undersigned concludes that this Court lacks jurisdiction to consider Plaintiff's amended complaint.[1]

Under the *Rooker–Feldman* doctrine, which arose from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983),

---

[1] At the outset, the Court notes that Plaintiff's amended complaint does not comply with Rule 8. Namely, it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" against the remaining individual Defendants. Fed.R.Civ.P. 8(a)(2). Here, the amended complaint is so devoid of factual detail that it fails to state a claim as a matter of law against any Defendant.

4

and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the lower federal courts are precluded "from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) (quoting *Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine is premised on the "the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *See In re Cook*, 551 F.3d 542, 548 (6th Cir.2009) (and cases cited therein).

In this case, it is clear from the face of the complaint that *Rooker–Feldman* applies to bar this Court from exercising jurisdiction over plaintiff's claims challenging the rulings of the state court. *See Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.) (relying on *Stephens* and *Sefa v. Kentucky*, 510 Fed.Appx. 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights). As such, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts and the Court lacks subject matter jurisdiction to consider Plaintiff's claims. See 28 U.S.C. § 1915(e)(2)(B).

Additionally, to the extent the juvenile court proceedings are ongoing, this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in

*Younger v. Harris*, 401 U.S. 37 (1971). Younger abstention not only applies to criminal prosecutions but has been judicially expanded to include certain civil enforcement proceedings and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," such as divorce and custody orders. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 588, 187; *FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 290 (6th Cir.2018).

Under *Younger,* the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue*, Ltd., 420 U.S. 592, 603-05 (1975).

All three factors supporting *Younger* abstention are present in this case. First, it appears the dependency case is currently pending in the Hamilton County juvenile court. See *Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke,* 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the dependency case implicates the important state interests in child custody and parental rights. *See Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (*Younger* abstention case stating that "cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody"). See also *Younger*, 401 U.S. at 43-45. Third, there is no allegation that the state juvenile court proceedings cannot provide an opportunity for plaintiff to raise any

6

constitutional claims in connection with the dependency proceedings. *See Furr-Barry v. Underwood,* 59 F. App'x 796, 797 (6th Cir. 2003) (affirming the application of *Younger* where a case was pending in a Tennessee juvenile court, because "there was no evidence that the state court proceedings did not provide an opportunity for [the plaintiff] to raise her constitutional claims[ ]"). Therefore, abstention under Younger is appropriate.

Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). This case does not present extraordinary circumstances that would bar abstention. Instead, there is "overwhelming precedent that [abstention] includes custody matters" as being barred by *Younger*. *Smith v. Dewine*, S.D.Ohio No. 2:14-cv-198, 2014 U.S. Dist. LEXIS 99422, at *6-7 (July 22, 2014). See, e.g., *Moore v. Sims*, 442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 203 (6th Cir. 2001). For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

Plaintiff has also failed to identify any HCJFS policy that would even serve as a basis for her claims. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be

**DISMISSED** with **PREJUDICE** for failure to state a claim for relief.[2] It is further **RECOMMENDED** that Defendants' motions to dismiss (Docs. 9, 15) be **DENIED as MOOT**. It is also **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

---

[2] In light of the foregoing, Defendants motions to dismiss should be denied as moot, subject to refiling if the Report and Recommendation is not adopted and the complaint has been served.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| FELICIA BROCK, et al., | Case No. 1:25-cv-685 |
| Plaintiffs, | |
| vs. | Cole, J. |
| | Bowman, M.J. |
| HAMILTON COUNTY JFS CHILDREN SERVICES, et. al. | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).