**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**FELICIA BROCK, et al.,**

      **Plaintiffs,**

        **v.**

**HAMILTON COUNTY JFS
CHILDREN SERVICES, et al.,**

      **Defendants.**

**Case No. 1:25-cv-685**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## OPINION AND ORDER

Plaintiff Felicia Brock, proceeding pro se and in forma pauperis, asks this Court to intervene in ongoing state child custody proceedings. Magistrate Judge Bowman issued a Supplemental Report and Recommendation (Supplemental R&R, Doc. 18) advising the Court to dismiss Brock's case with prejudice based on *Younger* abstention[1] and lack of jurisdiction under *Rooker-Feldman*.[2] For the reasons discussed below, the Court **ADOPTS** the Supplemental R&R (Doc. 18) and **DISMISSES** Brock's Amended Complaint (Doc. 14), but does so **WITHOUT PREJUDICE.** Accordingly, the initial R&R (Doc. 5) and the Defendant's pending Motions to Dismiss (Docs. 9, 15), are **DISMISSED as MOOT.**

---

[1] Under *Younger v. Harris*, a federal court confronting a state proceeding must abstain from ruling on such a case where (1) it "is currently pending," (2) it "involves an important state interest," and (3) "[the state forum] affords the plaintiff an adequate opportunity to raise constitutional claims," unless bad faith exists. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citations omitted); *Moore v. Sims*, 442 U.S. 415, 432 (1979).

[2] In a similar vein, the *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

## BACKGROUND

Felicia Brock filed the instant action alleging that the Hamilton County Job and Family Services (JFS) "removed her children from her custody in violation of the Fourteenth Amendment." (R&R, Doc. 5, #769). Specifically, Brock argues that the Defendants here "stated false allegations in court," and interfered with the custody of her children. (*Id.*). Interestingly, though, Brock had previously filed suit in the Hamilton County Court of Common Pleas "seeking to reverse a ruling of the Juvenile Division" and also seeking to return her children to her custody. (*Id.* at #770). In that case, JFS had moved to dismiss, arguing "lack of subject matter jurisdiction and failure to state a claim," as well as qualified immunity. (*Id.*). The Common Pleas court granted the motion to dismiss on December 8, 2023. (*Id.*).

Then, on September 17, 2025, Brock initiated her action in this Court, filing a motion for leave to proceed in forma pauperis, attaching a proposed complaint. (Doc. 1). On September 26, 2025, the Magistrate Judge granted her leave to proceed IFP. (Doc. 3). But that same day, the Magistrate Judge issued an R&R (Doc. 5) exercising her screening authority under 28 U.S.C. § 1915. There, she recommended that this Court "lacks jurisdiction" to consider Brock's Complaint under the *Rooker-Feldman* doctrine. (*Id.* at #770). Based on that, the Magistrate Judge further recommended that Brock's Complaint be dismissed with prejudice for "failure to state a claim for relief." (*Id.* at #771).

On September 29, 2025, Brock timely objected to the initial R&R, arguing that (1) "the recommendation fails to consider over 300 pages of submitted evidence," (2) "the recommendation is prejudiced and ignores material facts," and (3) "Plaintiff's

2

arguments are based on law and fact." (Doc. 7, #1010–11 (cleaned up)). Based on that, she makes a "request for de novo review." (*Id*. at #1011). A day later, Brock also submitted additional objections, alleging (1) "the Magistrate Judge erred in concluding plaintiff failed to state a claim," (2) "violation of plaintiff's First Amendment rights," (3) "violation of Plaintiff's Fourteenth Amendment rights (family integrity and due process)," (4) "defamation and false statements," (5) "neglect and abuse in foster care," and (6) "emotional harm and PTSD." (Doc. 11, #1029–30).

The same day Brock filed the additional objections, Defendants also moved to dismiss Brock's Complaint. (Doc. 9). Brock then subsequently filed an Amended Complaint with the Court on October 3, 2025. (Doc. 14). Defendants responded to that by collectively moving to dismiss that Amended Complaint under Rules 12(b)(1) and 12(b)(6), (Doc. 15), to which Brock responded, (Doc. 16).

Given the two-part objections, the motions to dismiss, and the Amended Complaint, Magistrate Judge Bowman elected to issue a Supplemental R&R (Doc. 18). There, she once again recommends that the Court dismiss the action because, despite the additional allegations the Amended Complaint supplies, this Court "lacks subject matter jurisdiction" under *Rooker-Feldman* and must abstain under *Younger*. (*Id*. at #2392–93). Finding those grounds dispositive, she declined to reach any of the other issues the Defendants raised, but she did observe that Brock had "failed to identify any HCJFS policy that would serve as a basis for her claims." (*Id*. at #2394 (citation omitted)). Brock timely filed additional objections to the Supplemental R&R,

3

raising six "fundamental legal errors." (Doc. 21, #2419–20). The matter is now ripe for review.

## LEGAL STANDARD

If a party objects to an R&R within the allotted time, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). But the de novo review requirement applies "only to any portion to which a *proper* objection was made." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023) (emphasis added) (citation modified). In response to such an objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"Only specific objections are entitled to de novo review under … 28 U.S.C. § 636." *Wischer ex rel. Ernst v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 1107543, at *1 (S.D. Ohio Mar. 11, 2015) (citations omitted). By contrast, if a party makes a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the R&R to which she objects with sufficient clarity for the Court to identify it, or else the litigant waives the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues

4

that are dispositive and contentious." (citation omitted)). The reason for the specificity requirement is:

> The district court's attention is not focused on any specific issues for review [when a party generally objects to an R&R], thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of [28 U.S.C. § 636].

*Howard*, 932 F.2d at 509. Each objection to an R&R should thus "include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Wischer*, 2015 WL 1107543, at *1 (citation omitted). "Merely restating arguments previously presented, merely stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." *Id.* (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The statute on which the Magistrate Judge relies, 28 U.S.C. § 1915(e)(2)(B), requires a court, at any time, to dismiss a case that it determines (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." In making

those assessments, the Court analyzes a pro se complaint less stringently than one drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But, notably, "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

## LAW AND ANALYSIS

The Supplemental R&R recommends dismissing Brock's Amended Complaint both due to the *Rooker-Feldman* doctrine and *Younger* abstention. (Doc. 18, #2392– 93). Construed liberally, Brock raises six objections to that R&R. (Doc. 21). Specifically, in this second round of objections, Brock asserts (1) "[the] misapplication of *Rooker Feldman*," (2) "[the] misapplication of *Younger*," (3) "[the] failure to accept well-pleaded allegations," (4) the Magistrate Judge prematurely granted qualified immunity, (5) "[there is] an error on [the] statute of limitations," and (6) "[there is an] error on [the] *Monell* claim." (*Id.* at #2420 (cleaned up)). Because the Court rejects her first two objections, it concludes that it lacks jurisdiction, and so the Court need not and thus does not reach the remaining objections.

Start with *Rooker-Feldman*. In the Supplemental R&R, the Magistrate Judge found that the *Rooker-Feldman* doctrine bars this Court from "exercising jurisdiction over plaintiff's claims challenging the rulings of the state court." (Doc. 18, #2392 (citation omitted)). Specifically, the Magistrate Judge pointed to "a prior action filed by Plaintiff against the same defendants in the instant action, seeking to reverse a ruling of the Juvenile Division of the Hamilton County Court of Common Pleas and

6

return her children to her." (*Id.* at #2391). The Magistrate Judge concluded that Brock's action here, while "couched in terms of a civil rights action," "essentially amount[s] to a collateral attack of a state-court judgment terminating the plaintiff's parental rights." (*Id.* at #2392 (citing *Lee v. Johnson-Wharton*, No. 1:14-cv-868, 2014 WL 7015178, at *4 (S.D. Ohio Aug. 11, 2014))).

Brock contends that the Magistrate Judge misapplied *Rooker-Feldman*. Specifically, she says that *Rooker-Feldman* protects only state court *judgments*, while she is attacking misconduct that *led to* the judgment. (Doc. 21, #2407–08).

While she is not entirely wrong about the limited scope of *Rooker-Feldman*, the Court ultimately finds her objection lacks merit. To start it appears her objection on this front relies on hallucinated case law. Brock cites to *Jansen v. City of Cincinnati*, 904 F.3d 336, 349–50 (6th Cir. 2018), which she describes as specifically holding that "§ 1983 claims against child welfare workers for fabricating evidence are not barred by *Rooker-Feldman*." (Doc. 21, #2408 (emphasis omitted)). She further says that the case is "**directly on point** and **binding**." (*Id.* at #2409 (emphasis in original)). But there are a couple of problems with that. First, 904 F.3d 336 is the citation for *Gilkers v. Vannoy*, a Fifth Circuit case involving a habeas petition. Admittedly, there is a *Jansen v. City of Cincinnati*, 904 F.**2d** 336 (6th Cir. 1990). And as Brock is proceeding pro se, the Court could perhaps forgive her referring to F.3d, as opposed to F.2d. But that still leaves the second problem—that *Jansen* opinion likewise says *nothing* about childcare workers and § 1983. Rather, it involves a challenge to race-based quotas for city employment. *Id.* at 338–39. In sum, the Court is left with the distinct impression

7

that Brock is using artificial intelligence tools to craft her objections and is not checking the resulting citations with care. Accordingly, the Court specifically advises Brock that if future filings contain misstatements about the contents of precedent, the Court will not hesitate to sanction her.

Putting aside her reliance on what appears to be a fabricated case law citation, her objection also lacks merit. True, the Sixth Circuit has recently confirmed that *Rooker-Feldman* is a narrow doctrine. *See HPIL Holding Inc. v. Zhang*, 168 F.4th 944, 948 (6th Cir. 2026). But even at its narrowest, it covers "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 949 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). That is exactly what Brock seeks to accomplish here. Her sole injury is the allegedly wrongful deprivation of access to her children. Yet, that deprivation is exclusively a result of the state-court custody determination. Stated differently, to provide the relief she seeks, the Court perforce would need to revisit that custody determination, which is precisely what *Rooker-Feldman* says this Court cannot do.

Brock attempts to avoid that result by claiming that she is attacking the procedures that the defendants used in securing that custody determination (e.g., allegedly fabricating evidence and lying). (Doc. 21, #2406–07). And, had those procedures imposed an *independent* harm on her, she may be on to something. But they didn't. Instead, the entirety of her claimed harm flows directly from the state

8

court judgment. Thus, her challenge here falls within *Rooker-Feldman*, no matter how narrowly confined.

The Court similarly rejects Brock's objection that the Magistrate Judge misapplied *Younger*. The Magistrate Judge found that the abstention doctrine set out in *Younger v. Harris* applies to this case, specifically noting that the *Younger* umbrella "include[s] certain ... 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' such as divorce and custody orders." (Doc. 18, #2393 (citations omitted)); *see also Meyers v. Franklin Cty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) ("[C]ases out of the Supreme Court and [the Sixth Circuit] make it clear that abstention is generally appropriate in matters of family relations such as child custody."). In Brock's case, the Magistrate Judge concluded that abstention is ultimately warranted because "the dependency case is currently pending in the Hamilton County juvenile court," and further, "the dependency case implicates important state interests in child custody and parental rights."[3] (*Id.* (citations omitted)). Finally, Brock has made "no allegation that the state juvenile court proceedings [have not provided] an opportunity for plaintiff to raise any constitutional claims in connection with the dependency proceedings." (*Id.* at #2393–94 (citation omitted)).

---

[3] The Court has been advised that, as of the date of this Order, the dependency case is still pending before the Hamilton County Juvenile Court.

Brock, though, argues that Magistrate Judge erred in applying *Younger* abstention here. She once again notes that it is a narrow doctrine and argues that it applies in only three exceptional circumstances: "(1) parallel state criminal proceedings, (2) civil enforcement actions akin to criminal prosecutions; and (3) civil proceedings involving certain orders uniquely in furtherance of state courts' judicial functions." (Doc. 21, #2410). She says she is instead bringing a "damages action," which does not fall within any of the three categories. (*Id.*).

Once again, the Court agrees with Brock that *Younger* abstention, like *Rooker-Feldman*, is a narrow doctrine. But it still applies here. She asks the Court to interfere with ongoing child welfare proceedings. But, as she acknowledges, in *Moore*, 442 U.S. 415, the Supreme Court applied *Younger* in just that setting. She says her case is distinguishable because *Moore* involved prospective relief, while she seeks damages for "completed violations." (Doc. 21, #2410). But her Amended Complaint tells a different story. There, she distinctly requests "[i]njunctive relief ordering Defendants to cease interference with Plaintiff's visitation and relationship with her children." (Doc. 14, #1071). In short, her attempt at distinguishing *Moore* falls short, and thus her objection does, too.

For both of these reasons, the Court agrees with the Supplemental R&R that the Court lacks jurisdiction to consider this matter. But that leads to the one issue on which the Court parts ways with the R&R. Because the dismissal is on essentially jurisdictional grounds, whether *Rooker-Feldman* or *Younger* abstention, the Court dismisses the action without prejudice, rather than with prejudice as the R&R

10

suggests. *See Aaron v. O'Connor*, 914 F.3d 1010, 1020–21 (6th Cir. 2019) (holding that dismissals on *Younger* abstention grounds must be without prejudice); *Pancake v. McCowan*, 64 F. App'x 464, 465 (6th Cir. 2003) (affirming district court order dismissing claim without prejudice on *Rooker-Feldman* grounds); *see also English v. Crochet*, 154 F.4th 369, 372 n.2 (5th Cir. 2025) (citations omitted) ("The *Rooker–Feldman* doctrine is jurisdictional. Accordingly, the claim should have been dismissed without prejudice.").[4]

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Plaintiff's Objection (Doc. 21), largely **ADOPTS** the Supplemental R&R (Doc. 18), and **DISMISSES** Brock's Amended Complaint (Doc. 14), but does so **WITHOUT PREJUDICE.** Therefore, the Court **ORDERS** the Clerk to enter judgment and to **TERMINATE** this matter from the docket. The initial R&R (Doc. 5) and the Defendant's pending Motions to Dismiss (Docs. 9, 15), are **DISMISSED as MOOT.**

**SO ORDERED.**

May 15, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Technically, abstention under *Younger* is not jurisdictional. It is instead a "limited carve-out to federal courts' 'virtually unflagging obligation' to exercise their jurisdiction." *Hill v. Snyder*, 878 F.3d 193, 205 (6th Cir. 2017) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988)). That is, it "permits federal courts to withhold authorized jurisdiction in certain circumstances to avoid undue interference with state court proceedings. *Id.* at 204 (citation omitted). But for purposes of deciding whether dismissals are with or without prejudice, courts treat it as jurisdictional.